# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CA-00104-COA

**KENYATTA C. GARFIELD, NATURAL FATHER OF KENDRA N. TATE, DECEASED**  **APPELLANT**

**v.**

**BRENDA TATE**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/26/2024 |
| TRIAL JUDGE: | HON. CATHERINE FARRIS-CARTER |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | PHILIP CAREY HEARN |
| | CHARLES CASSIDY COLE |
| ATTORNEY FOR APPELLEE: | KEVEON LACARUS TAYLOR |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | APPEAL DISMISSED - 07/28/2026 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., LAWRENCE AND EMFINGER, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1. Kenyatta Garfield filed a wrongful death action on behalf of his daughter Kendra Tate and her mother, Deshundra Tate, in the Circuit Court of Bolivar County after their untimely deaths due to an apartment gas leak. Garfield also petitioned the Chancery Court of Bolivar County to open and be appointed administrator of Deshundra's estate.[1] The ruling judge entered an order opening her estate and appointing Garfield as administrator. However, Deshundra's mother, Brenda Tate, filed a motion to set aside this order, appoint

---

[1] The matter of Kendra's estate was a companion case filed in the chancery court on the same date, as explained in this Court's opinion in *In re Estate of Deshundra Tate*, 409 So. 3d 1179, 1180 n.1 (Miss. Ct. App. 2025).

her as administrator, and disallow Garfield from inheriting as a wrongful death beneficiary under Mississippi's illegitimacy statute due to his treatment of Kendra.[2]  The chancery court agreed and issued a final judgment disinheriting Garfield from Kendra's estate.[3]

¶2.     Brenda also filed in the Bolivar County Circuit Court a motion to intervene and to join as a plaintiff in the wrongful death action.  Her motion was granted by agreed order. In December 2024, the circuit court clerk entered into the docket of the wrongful-death action a copy of the chancery court's final judgment disinheriting Garfield.  Garfield now appeals the entry of this judgment into the record, claiming it is a final, appealable decision. We disagree and dismiss this appeal for lack of appellate jurisdiction.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶3.     On August 30, 2022, Deshundra and her daughter, Kendra (age five), were tragically killed as a result of a gas leak at their home in Sunset Village Apartments in Cleveland, Mississippi.  Deshundra was pronounced dead at the scene, and Kendra died a short time later at a local hospital.

¶4.     Kendra was born as a result of a relationship between Deshundra and Garfield.  The couple never married, but a year after Kendra was born, Garfield's paternity was established by order of the Mississippi Department of Human Services.[4]  *In re Estate of Tate*, 409 So.

---

[2]  Brenda raised the issue of Garfield's heirship to Kendra in Deshundra's case, not Kendra's companion case.  *Id.*

[3]  That decision was affirmed in this Court.  *In re Est. of Tate*, 409 So. 3d 1179 (Miss. Ct. App. 2025).

[4]  After paternity was established, Garfield was ordered to pay $100 per month in child support, but he did not begin payments until the following year, and even then the

2

3d at 1182 (¶10). Deshundra died without a will.

¶5. On September 6, 2022, one week after Deshundra's and Kendra's deaths, Garfield filed a wrongful death action on their behalf in the Bolivar County Circuit Court against Sunset Village Apartments, Millenia Housing Management, Empire Construction, Leshundra Carter (the property manager), and John Does 1-10. Brenda received no notice of the action's filing. The same day, Garfield filed petitions in the chancery court to open Deshundra's and Kendra's estates and be appointed administrator. On September 16, 2022, the chancery court ordered Deshundra's estate opened and named Garfield as administrator.

¶6. When Brenda learned of Garfield's actions, she filed a motion in the chancery court on September 20, 2022, to set aside that order and appoint her as administrator. Brenda claimed that Garfield should be barred from inheriting from Kendra because he failed to satisfy the requirements of Mississippi's illegitimacy statute, Mississippi Code Annotated section 91-1-15. This statute provides that "[t]he natural father of an illegitimate and his kindred shall not inherit: (i) From or through the child unless the father has openly treated the child as his, and has not refused or neglected to support the child." Miss. Code Ann. § 91-1-15(3)(d)(i) (Rev. 2021).

¶7. The chancery court agreed with Brenda, and on November 17, 2022, the court issued an order revoking the appointment of Garfield as administrator of Deshundra's estate and appointed Brenda as administrator. In December 2022, the chancery court held a hearing to determine whether Garfield could inherit from Kendra's estate. On October 18, 2023, the

_____

payments were sporadic. *In re Est. of Tate*, 409 So. 3d at 1182 (¶10).

chancery court entered a final judgment finding Garfield could not inherit from Kendra because he failed to meet the requirements of the illegitimacy statute.

¶8.     On November 1, 2023, the circuit court granted by agreed order Brenda's motion to intervene and/or join the action as a party-plaintiff in the wrongful death action.  In June 2024, the circuit court stayed its wrongful death proceedings pending the resolution of Garfield's appeal of the chancery court's judgment.  On December 26, 2024, the circuit court entered a copy of the chancery court's October 18, 2023 final judgment into the wrongful death case's record. On January 14, 2025, this Court affirmed the chancery court's ruling in *In re Estate of Tate*, 409 So. 3d at 1180 (¶1).

¶9.     On January 24, 2025, Garfield appealed the circuit court's entry into the record of the chancery court's final judgment that disinherited Garfield from Kendra's estate.[5]

## ANALYSIS

¶10.     Garfield argues that the circuit court erred in "adopting and entering" into the wrongful death case the October 18, 2023 final judgment of the chancery court that found Garfield could not inherit from Kendra under section 91-1-15(3)(d)(i). Garfield claims that by the circuit court's mere "adopting" of the chancery court's judgment, the circuit court applied an erroneous legal standard and found there was substantial evidence that Garfield did not openly treat Kendra as his child and refused to support her.  On appeal, Garfield proposes that the chancery court's judgment be stricken from the record and that he be found

---

[5]  On May 12, 2026, Brenda filed a motion in this Court to dismiss this appeal for lack of jurisdiction because it is interlocutory.  In accordance with this opinion, we dismiss the motion as moot.

4

to have satisfied the requirements to inherit from Kendra. Alternatively, Garfield suggests that he be allowed to present evidence and testimony on the matter to the circuit court. Brenda, alternatively, contends that Garfield's appeal is an attempt to "re-litigate" the chancery court's final judgment; moreover, she submits that the entry of the chancellor's final judgment into the circuit court record is not a final, appealable judgment.

¶11. "This Court reviews jurisdictional issues under a de novo standard of review." *Hoffman v. Hoffman*, 200 So. 3d 465, 467-68 (¶8) (Miss. Ct. App. 2016). "In general, only final judgments are appealable." *Id.* at 468 (¶9) (citing *S.E.B. v. R.E.B.*, 67 So. 3d 14, 16 (¶9) (Miss. Ct. App. 2011)). "A final, appealable, judgment is one that adjudicates the merits of the controversy which settles all issues as to all the parties and requires no further action by the [trial] court." *Id.* (quoting *Newson v. Newson*, 138 So. 3d 275, 277-78 (¶6) (Miss. Ct. App. 2014)). "An important function of this final-judgment rule is to prevent piecemeal appeals." *Id.* (citing *R.A.S. Jr. v. S.S.*, 66 So. 3d 1257, 1261 (¶10) (Miss. Ct. App. 2011)). "When all the issues in a case or claims against all the parties are not resolved in a judgment, no appeal of right can be taken." *Crawford v. Richmond*, 337 So. 3d 1164, 1172 (¶29) (Miss. Ct. App. 2022) (quoting *In re Est. of Lewis*, 135 So. 3d 202, 205-06 (¶14) (Miss. Ct. App. 2014)).

¶12. Further, an interlocutory order is a trial court order that adjudicates fewer than all the claims, and it "may only be appealed if the trial court expressly states there is no just reason for delay and directs the entry of a final judgment." *Old Hattiesburg High L.P. v. Harris Constr. Servs. LLC*, 406 So. 3d 12, 21 (¶36) (Miss. Ct. App. 2024) (citing M.R.C.P. 54(b)).

5

"[A]bsent a certification under Rule 54(b), any order in a multiple-party or multiple-claim action that does not dispose of the entire action is interlocutory, even if it appears to adjudicate a separable portion of the controversy." M.R.C.P. 54(b) advisory committee note. "An interlocutory order without a Rule 54 certification is only appealable if the Mississippi Supreme Court grants permission under Rule 5 of the Mississippi Rules of Appellate Procedure; this Court has no jurisdiction to hear it otherwise." *Hoffman*, 200 So. 3d at 468 (¶12) (quoting *Jackson v. Lowe*, 65 So. 3d 879, 881-82 (¶7) (Miss. Ct. App. 2011)).

¶13.   Here, the circuit clerk's entry of the chancery court's final judgment into the circuit court's record in the wrongful death case was not a ruling or an order by the circuit court. Simply put, there was no action by the circuit court to appeal. It was not a final judgment by the circuit court, and it was not an interlocutory circuit court order—it was not a circuit court order at all. Accordingly, we dismiss Garfield's appeal for lack of appellate jurisdiction. As a result, we also dismiss Brenda's motion to dismiss this appeal as moot.

¶14.   **APPEAL DISMISSED.**

**CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**